**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| JULIE SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>　　　　　Defendant. | Case No. 1:20-cv-1303<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227**<br><br>2. **Invasion of Privacy – Intrusion Upon Seclusion** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Julie Smith ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank, ("USAA") or ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of

Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of Arapahoe, State of Colorado.

8. Defendant USAA is a creditor engaged in the business of giving consumer loans with its principal place of business located in San Antonio, Texas. USAA can be served with process at 9800 Fredericksburg Rd, San Antonio, TX 78288.

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff owns and operates a small business in Denver, Colorado. Her business began to decline in 2019, which affected her monthly income. The reduced income made it difficult to stay current on her USAA credit card account ("Account").

11. Upon information and belief, the missed payments on the Account resulted in late fees and a higher interest rate, making it even more difficult to bring the Account current.

12. Due to Plaintiff falling behind on the Account, Defendant began its campaign of harassing calls to Plaintiff's cellular telephone.

13. In or around August of 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 9010, in an attempt to collect an alleged debt.

14. The calls placed by Defendant originated from the following number: (800) 531-8722.

15. On or about September 6, 2019 at 11:22 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to

speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (800) 531-8722.

16. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

17. During the call, Plaintiff explained that she was unable to make a payment due to her financial situation and requested that they only communicate with her writing and that she would call them when she could make a payment. Despite Plaintiff's request not to be contacted on her cellular telephone, Defendant continued to call Plaintiff.

18. Defendant's incessant calls continued nearly every day until February 29, 2020.

19. Between September 6, 2019 and February 29, 2020, Defendant called Plaintiff no less than four hundred (400) times.

20. Defendant called Plaintiff between two (2) and four (4) times a day, and on some occasions, up to five (5) times a day.

21. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

22. Upon information and belief, Defendant called Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

23. Defendant's daily calls to Plaintiff's cellular phone was a constant reminder of her financial struggles, exacerbating Plaintiff's stress and anxiety.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
## Defendant's Violations of the TCPA, 47 U.S.C. § 227

26. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-four (25) as though set forth at length herein.

27. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

29. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-seven (28) as though set forth at length herein.

30. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in

      an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Julie Smith, respectfully requests judgment be entered against Defendant USAA Federal Savings Bank, for the following:

    A. Declaratory judgment that Defendant violated the TCPA;

    B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    C. Actual and punitive damages resulting from the invasion of privacy;

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                                    RESPECTFULLY SUBMITTED,

                                                    PRICE LAW GROUP, APC

Date: May 8, 2020                          By: */s/David Chami*
                                                    David A. Chami, AZ #027585
                                                    PRICE LAW GROUP, APC
                                                    8245 North 85th Way
                                                    Scottsdale, AZ 85258
                                                    T: 818-600-5515
                                                    F: 818-600-5415
                                                    david@pricelawgroup.com
                                                    *Attorneys for Plaintiff*
                                                    *Julie Smith*